Jerome J. **PETERSON** and Lawrence A. Peterson, Appellants,

v.

**UNITED STATES of America, Appellee.**

No. 83–1073.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 12, 1983.

Decided Dec. 15, 1983.

Glenn L. Archer, Jr., Asst. Atty. Gen., Michael L. Paup, Richard Farber, Bruce R. Ellisen, Attys., Tax Div., Dept. of Justice, Washington, D.C., for appellee; James M. Rosenbaum, U.S. Atty., Minneapolis, Minn., of counsel.

Lang, Pauly & Gregerson, Ltd., Robert I. Lang, Minneapolis, Minn., for appellants Jerome J. Peterson and Lawrence A. Peterson.

Before LAY, Chief Judge, and HEANEY and ARNOLD, Circuit Judges.

PER CURIAM.

Jerome J. and Lawrence A. Peterson appeal from an order of the District Court[1] finding that $322,084 earned from the sale of their business was taxable under the assignment-of-income doctrine. The Petersons were sole shareholders of Peterson Seed Co. of Minnesota. After adopting a plan of liquidation under 26 U.S.C. § 337, Peterson Seed Co. sold all of its assets and property to Pioneer Hi-Bred International, Inc., for $5,400,000 in cash and a sum equal to the Peterson Seed Co. liabilities. Peterson Seed Co. distributed the cash to the taxpayers and was voluntarily dissolved. Among the assets transferred were contracts to buy and sell seeds at certain times in the future. Many of these were matched, offsetting contracts, so that Peterson Seed Co. had a contract to buy a certain quantity of seeds for delivery at a specified price and date and a contract to sell the seeds at a higher price at about the same time. Peterson Seed Co. made these contracts in the normal course of business. In 1973, speculation in futures contracts comprised about 20% of Peterson's business. The contracts were not traded on any commodity exchange.

After the sale, Peterson Seed Co. was audited by the IRS. A representative of Peterson and the IRS agreed that Peterson had a potential locked-in profit from the matched futures contracts of $429,445. The parties agreed to a 25% discount of this figure for various uncertainties and administrative costs, leaving the final profit on the contracts at $322,436. The Petersons paid the tax on this sum and then brought this action to recover the amount paid.

On appeal the Petersons argue that sale of the futures contracts was not the assignment of ordinary income but the transfer of a capital asset and thus exempt from taxation under 26 U.S.C. § 337. The District Court correctly rejected this argument. Profit obtained from offsetting futures contracts was one of the main sources of ordinary income for Peterson Seed Co. And the future profits from the offsetting contracts at issue here were locked in, because the buying and selling prices, quanti-

---

1. The Hon. Earl R. Larson, Senior United States District Judge for the District of Minnesota.

ties, and dates were fixed. The profits were subject to contingencies in timely delivery of the seeds, but the 25% discount agreed to by the IRS and the taxpayers takes this factor into account. Given the source of the income and the relative certainty of its receipt, we hold that the sale of the contracts was properly considered as an assignment of future income. See *Storz v. Commissioner,* 583 F.2d 972 (8th Cir.1978). The District Court's well-reasoned opinion fully justifies this conclusion.

The Petersons also argue that the District Court erred in rejecting the unimpeached testimony of Jerome J. Peterson that 5% to 10% of the time involved in the entrance into and completion of the contracts was spent in entering the contracts and 90% of the time was spent in completing and performing them. This argument fails because the District Court is clearly not required to believe the testimony of an interested witness, as Jerome Peterson indisputably was. Further, the Petersons' argument that the District Court erred in admitting into evidence defendant's exhibit 5 because of lack of foundation must also be rejected. This exhibit was signed by Lawrence A. Peterson and was introduced to show that Peterson Seed Co. was aware that it had locked-in profits and that this profit was included in the overall sale price.

The judgment is affirmed.